IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NICHOLAS McLIN**                                                          **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:19CV479 TSL-LRA**

**ANDERSON JOHNSON**                                                      **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Nicholas McLin filed the instant petition for writ of habeas corpus relief on July 8, 2019. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted. Alternatively, Respondent contends that the petition should be dismissed for failure to exhaust state court remedies. After a review of the record and all the applicable law, the undersigned recommends that the motion to dismiss be granted for failure to state a claim.

In 2010, McLin entered a guilty plea in the Circuit Court of Hinds County, Mississippi to three counts of armed robbery and one count of auto theft. He was sentenced to concurrent 30-year terms of imprisonment with 15 years suspended on the armed robbery counts and a concurrent 10-year term on the auto theft count, all to be served in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the offense, Mississippi's parole eligibility statute, Miss. Code Ann. § 47-7-3, provided that only "nonviolent" offenders would be eligible for parole, and it expressly excluded offenders convicted of robbery.[1]

---

[1] Miss. Code. Ann. § 47-7-3 provides, in relevant part:

In 2014, the Mississippi Legislature passed House Bill 585, which amended numerous parole and sentencing statutes including Miss. Code. Ann. § 47-7-3 and created Miss. Code Ann. § 97-3-2 (2014). Subsection (2) of § 97-3-2, provides in relevant part, that "[n]o person convicted of a crime of violence [not enumerated in subsection (1)] is eligible for parole or for early release from the custody of the Department of Corrections until the person has served at least fifty percent (50%) of the sentence imposed by the court." Although enacted after his conviction, McLin filed a "Petition for Administrative Reduction of Sentence Pursuant to House Bill 585" in the Circuit Court of Sunflower County, Mississippi, requesting that it "force the Mississippi Department of Corrections to retroactively apply good time to his sentence pursuant to Miss. Code Ann. § 47-5-138.1,[2]" effectively granting him parole under Miss. Code. Ann. § 97-3-2(2). However, because petitioners convicted of a statutorily enumerated violent crime remained ineligible for parole under subsection (1) of § 97-3-2, the petition was denied. *See* ECF

---

(f) No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except than an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements of subsection (1) and this paragraph. ... For purposes of this paragraph, "nonviolent crime" means a felony other than homicide, robbery,
[and other crimes inapplicable to the instant case].

[2] Miss. Code Ann. § 47-5-138, governs the earned-time allowance program and earned-release supervision, and provides in relevant part the following: "[a]n inmate is eligible to receive an earned time allowance of one-half (½) of the period of confinement imposed by the court *except those inmates excluded by law.*" (emphasis added).

2

No. 9-11, pp. 1-2 (citing Miss. Code. Ann. § 47-7-3(1)(g)(i); [3] § 97-3-2, and *Neal v. MDOC Records Dep't*, 115 So. 3d 894, 895–896 (Miss. Ct. App. 2013) ("*As . . . a person convicted of armed robbery can never be eligible for parole, it follows that he may not accrue trusty or earned time pursuant to sections 47-5-138.1(2)(d) and 47-5-139 (1)(e), respectively.* It would be 'an absurdity' were this Court to hold that a prisoner who is permanently ineligible for parole may be allowed to accrue earned-time credits and therefore receive the benefit of a shortened sentence.") (emphasis added by Mississippi Court of Appeals). Robbery, in fact, is enumerated as a crime of violence in Miss. Code. Ann. § 97-3-2 (1)(j).

On March 6, 2018, McLin filed a petition for post-conviction relief in Hinds County Circuit Court raising ineffective assistance of counsel, equal protection, guilty plea, and speedy trial claims. A few months later, he filed a "Petition for Consideration of Parole" renewing his argument that he should be granted parole under Miss. Code. Ann. § 97-3-2 (2) because he had "served more than half of his fifteen (15) years

---

[3] Although the Circuit Court cited subsection (g) of the Miss. Code. Ann. § 47-7-3(1), that subsection applied to persons convicted of violent crimes on or after July 1, 2014. McLin was convicted in 2010. Notwithstanding, the Circuit Court's denial is consistent with recent unpublished Mississippi Supreme Court decisions concerning the apparent conflict between the parole-related provisions of Miss. Code. Ann. § 97-3-2(1) (Rev. 2014) and 47-7-3(g)(i) (Rev. 2014). *See Freelon v. State*, 285 So. 3d 701 (Miss. Ct. App. 2019); *Bowman v. State*, 283 So. 3d 154 (Miss. 2019); *Fogleman v. State*, 283 So. 3d 685 (Miss. 2019). These decisions make clear that unlike those convicted under subsection (2) of § 97-3-2, those convicted of violent crimes enumerated in subsection (1) of § 97-3-2, are not eligible for parole after serving 50% of their term; rather, they are required to serve the entirety of their sentence. *Fogleman*, 283 So. 3d at 691–92 (analyzing Miss. Code. Ann. § 47-7-3(1)(g)(i) and 97-3-2); *see also Bowman*, 283 So. 3d at 168–170. But as noted, neither § 97-3-2 nor § 47-7-3, as amended, impacts McLin's sentence. Robbery was a statutorily enumerated offense prohibiting parole in Mississippi, before and after 2014.

sentence."  Both petitions were dismissed by the Hinds County Circuit Court on May 31, 2019.[4]  McLin now files the instant petition asserting parole eligibility and requesting automatic release.  His sole argument is that he is entitled to parole under Miss. Code. Ann. § 97-3-2 (2).

Federal courts "may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted); 28 U.S.C. § 2254(a).  A habeas petitioner must allege that he or she has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States."  *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).  If a Petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief.  *Id.*  "A petition for federal habeas corpus relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief."  *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309 (5th Cir. 2014) (citation omitted).

McLin's petition raises an issue of state law only.  It is well-settled that there is no inherent or constitutionally recognized right to parole.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979).  "A state prisoner's liberty interest in parole is defined by state statute."  *Bass v. Hall*, 692 F. App'x 207, 208 (5th Cir. 2017) (unpublished).  While the procedural guarantees of the Due Process Clause are implicated

---

[4] ECF Nos. 9-13, 9-14.

4

when a state has a system of mandatory parole, it "is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Wansley*, 769 F.3d at 312. *See also Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) ("That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained."). Accordingly, because McLin cannot maintain a habeas claim on the ground that he has been deprived of parole, his petition should be dismissed for failure to state a claim. In any event, McLin's sentence was not impacted by the amendments to Mississippi's parole statutes. Robbery was a statutorily enumerated offense prohibiting parole at the time of his conviction, and it remains so today. Because the Court so finds, it need not address Respondent's assertion that McLin failed to exhaust his parole claim.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court.  28 U.S.C. ' 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on February 18, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
